# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00117-CV

---

**Appellant, Branigan Mulcahy// Cross-Appellant, Cielo Property Group, LLC**

**v.**

**Appellee, Cielo Property Group, LLC// Cross-Appellee, Branigan Mulcahy**

---

**FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-18-007425, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING**

---

### C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

I agree with the Court that Branigan Mulcahy has not shown that the Texas Citizens Participation Act (TCPA) applies based on his right to free speech. However, I respectfully dissent from the Court's opinion because I would hold that the TCPA applies to the claims asserted by Cielo Property Group, LLC, in that the claims relate to Mulcahy's right to petition. I would further hold that Cielo has not met its burden to establish by clear and specific evidence a prima facie case for each essential element of its claims. Therefore, I would reverse the district court's order denying Mulcahy's motion to dismiss. Accordingly, I concur with the Court that Cielo is not entitled to attorney's fees based on the motion to dismiss.

**BACKGROUND**

Cielo terminated Mulcahy in January 2018, with Mulcahy asserting that he was terminated in retaliation for not participating in Cielo's "Energy for Success"[1] program and Cielo asserting that it terminated Mulcahy for poor performance and insubordination. Upon termination, Mulcahy was not permitted to take with him his personal effects, which were instead mailed to him by Cielo. Shortly after sending his belongings, Cielo also mailed to Mulcahy the hard drive that is the focus of this appeal.

In response to being terminated, Mulcahy filed a religious discrimination claim with the Texas Workforce Commission and Equal Employment Opportunity Commission. In addition, he sued Cielo on July 10, 2018, for breach of contract based on Cielo's alleged failure to pay him in accordance with the LLC agreements and other alleged "oral and written" agreements. He also sued for a declaratory judgment concerning his rights under the contracts, breach of fiduciary duty by Cielo's founders for their treatment of him, and quantum meruit and unjust enrichment based on Cielo's alleged failure to compensate him in accordance with the parties' agreements. One week after the petition was filed, Cielo moved to compel arbitration in Mulcahy's suit. On July 27, pursuant to the employment agreement, Cielo filed an arbitration demand that initiated a separate action with the American Arbitration Association seeking a declaration that Mulcahy had no interest in certain Cielo properties and also alleging that Mulcahy had breached the LLC agreements he was seeking compensation under, that Mulcahy had breached the employment agreement by filing claims with a court rather than pursuing arbitration, and that Mulcahy had breached the employment agreement by "improperly taking"

---

[1] Mulcahy describes Cielo's Energy for Success program as a religion, while Cielo describes it as a professional development service that promotes professional and personal excellence.

the "entire hard drive of information." Cielo's arbitration demand sought "Actual damages," plus interest, costs, and attorney's fees. The following month, the district court denied Cielo's motion to compel arbitration in the lawsuit. The parties agreed to stay the arbitration initiated by Cielo pending the outcome of Cielo's appeal of the denial of the motion to compel.

In December 2018, Cielo sued Mulcahy in a separate lawsuit for breach of contract, breach of fiduciary duty, and trade secret misappropriation, asserting, as the sole basis for these claims, that Mulcahy has violated the employment agreement by taking and retaining possession of the hard drive that Cielo sent to him. In its lawsuit, Cielo asks that the court enjoin the use of any "confidential and proprietary business information of Cielo and the LLCs" and require Mulcahy to return "all of that confidential information, including any derivative work created therefrom," in addition to seeking "disgorgement in an amount to be proven at trial," plus attorney's fees, costs, and interest. Cielo asserts that Mulcahy refuses to return the hard drive; Mulcahy alleges that Cielo has rebuffed his attempts to return it. Mulcahy's attorney is currently holding the hard drive under this Court's order. *Mulcahy v. Cielo Prop. Grp.*, No. 03-19-00117-CV, 2019 Tex. App. LEXIS 4748 (Tex. App.—Austin June 6, 2019, order).

## DISCUSSION

"In determining whether a legal action should be dismissed under [the TCPA], the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a) ("Evidence"). With this in mind, we consider whether the TCPA applies, and, if so, whether Cielo has established by clear and specific evidence a prima facie case for each essential element of its claims.

3

**Right of Free Speech**

Mulcahy asserts that the claims against him are based on, relate to, or respond to his exercise of the right of free speech because the claims seek to enjoin his speech as it relates to the unspecified contents of the hard drive. Neither the declaration nor the pleadings specify what information is actually contained on the hard drive. Nor does the record contain any clues. We agree with the Court that, without knowing what the information is, it would be difficult to determine whether it is a matter of public concern. Under the circumstances, I agree with the Court that Mulcahy has not shown by a preponderance of the evidence that Cielo's suit is based on his exercise of free speech.

**Right to Petition**

The TCPA applies if "a legal action is based on, relates to, or is in response to a party's exercise of the . . . right to petition." *Id.* § 27.003(a). "Exercise of the right to petition" is broadly defined to include:

(A) a communication in or pertaining to:

(i) a judicial proceeding;

(ii) an official proceeding, other than a judicial proceeding, to administer the law;

. . .

(B) a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

4

(C) a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(D) a communication reasonably likely to enlist public participation in an effort to effect consideration of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding; and

(E) any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state.

*Id.* § 27.001(4). "'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). In its response to the motion to dismiss, Cielo argued the TCPA does not apply because Cielo's claims do not concern a "communication" Mulcahy made in the prior lawsuit. But the petition Mulcahy filed in July was a "communication in or pertaining to . . . a judicial proceeding," which fits squarely within the act's broad definition of exercising the right to petition. *See id.* § 27.001(4). Cielo's later-filed suit, which seeks an injunction and disgorgement, relates to the same set of facts and the same employment agreement that are the subject of Mulcahy's petition. Cielo also contends that its lawsuit is properly independent of Mulcahy's lawsuit because the arbitration agreement allows claims for injunctive relief to proceed outside of arbitration. However, under the TCPA, whether Cielo's suit relates to Mulcahy's right to petition does not depend on the contents of the parties' arbitration agreement, and we cannot write that exception into the statute.

Mulcahy asserts that Cielo's claims in the underlying lawsuit are based on, relate to, or respond to his exercise of the right of petition because the claims relate to Mulcahy's suit that is now the subject of an arbitration proceeding. I agree. Mulcahy's claims in the initial suit,

5

Cielo's arbitration claims, and Cielo's claims in the instant suit all arise from the employment agreement. All of these claims are based on the exact same facts surrounding Mulcahy's termination from Cielo. Mulcahy's motion to dismiss stated that his successful defense against arbitration at the trial court level "resulted in Cielo bringing this new suit." In the declaration attached to his motion to dismiss, Mulcahy observed that Cielo did not file the instant suit until its motion to compel arbitration in Mulcahy's suit had been denied, which was nearly a year after Cielo sent the hard drive to Mulcahy. Mulcahy argues that the timeline and facts indicate that Cielo's claims responded to or related to the parties' pending litigation and arbitration. Further, Cielo's claims are identical to claims it asserted in arbitration (an "official proceeding"), except that Cielo seeks, in addition to other relief, injunctive relief that it asserts would not be available to it in arbitration. *See id.* § 27.001(4)(A)(ii) (defining "exercise of the right of petition" to include "a communication in or pertaining to . . . and official proceeding, other than a judicial proceeding, to administer the law"). Following the language of the TCPA and considering, as we must, the pleadings and attached declarations, Mulcahy has met his burden to show by a preponderance of the evidence that Cielo's suit is based on, relates to, or is in response to Mulcahy's exercise of the right of petition.

**Cielo's Prima Facie Case**

Because the TCPA applies based on the right to petition, I next consider whether Cielo has established by clear and specific evidence a prima facie case for each essential element of each of its three claims. Cielo's breach of contract claim alleges that Mulcahy breached the employment agreement by taking and retaining Cielo's confidential information. Its breach of fiduciary duty claim alleges that Mulcahy breached his alleged duty by taking and failing to

6

return Cielo's confidential and proprietary business information. Its claim for trade secret misappropriation alleges that Mulcahy misappropriated Cielo's confidential information. Each of these claims depends on showing that Mulcahy took or retained confidential or proprietary information. Just as Mulcahy could not show the TCPA applied based on his right of free speech because the record and pleadings do not reveal the kind of information contained on the hard drive, Cielo cannot meet its prima facie case for any of its three claims because there is no clear and specific evidence of the type of information on the hard drive. Therefore, I would conclude that the trial court erred by denying the motion to dismiss Cielo's claims.

## CONCLUSION

Having determined that the TCPA applies and that Cielo did not establish its prima facie case, I would reverse the district court's order and remand the cause to the district court for further proceedings.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Smith

Filed: September 13, 2019